IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DEBRA E. RUSHING,

          Plaintiff,


          vs.                        Case No. 12-2287-JTM


MICHAEL J. ASTRUE, Commissioner of
Social Security,

          Defendant.


MEMORANDUM AND ORDER


Plaintiff Debra Rushing has applied for Social Security disability insurance benefits. Her application was denied by the Administrative Law Judge (ALJ) on July 24, 2008, a decision affirmed by the Appeals Council on March 20, 2009. Rushing initially challenged the determination of the Commissioner in a separate civil action, with the court remanding the case for further review and consideration of the evidence. *Rushing v. Astrue*, No. 09-2256-JAR (D. Kan. Sept. 13. 2010). Upon remand, the ALJ again found that Rushing was not disabled. There are three allegations of error by Rushing in the present appeal. First, she argues that the ALJ erred in giving weight to nonexamining consultants in preference to treating medical sources. Second, that the ALJ failed to explain why she discounted the opinion of Dr. Christopher Ehly. Third, the ALJ failed to properly review the testimony of

Dr. Gerald Winkler.

Rushing contends that she became disabled on February 27, 2004, when she was 41 years old. She had previously worked as a certified nurse's assistant. She has cited a variety of ailments, including back problems, carpal tunnel syndrome, left knee pain, migraine headaches, anxiety, and depression. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinions (Tr. 16-22, 552-561G), and the brief of the claimant (Dkt. 7, at 3-6)), and set forth *seriatim* in the argument section of the Commissioner's response (Dkt. 13, at 4-14).

The ALJ concluded that Rushing suffered from obesity, personality disorder with depressive features, and degenerative changes in her lumbar spine. These impairments did not meet or equal the criteria for a listed impairment under 20 C.F.R. Subpt. P, Appx. 1. She found that Rushing had the Residual Functional Capacity (RFC) to do light work, although she must be allowed to sit and stand at will. She can bend, stoop, crouch, crawl, kneel, and climb stairs only occasionally, and should never climb ladders, ropes, or scaffolds. She cannot perform work with forceful, repetitive handling or substantial vibration involving her hands. The ALJ also found that Rushing could have only superficial interaction with coworkers, supervisors, and the general public

The Commissioner determines whether an applicant is disabled pursuant to a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant has the initial burden of proof in the first three steps: she must show that she is engaged in substantial gainful activity, that she has a medically-determinable, severe

ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that she cannot return to her former work, the Commissioner has the burden of showing that she can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

In the present appeal, Rushing first argues that the ALJ gave too much weight to the

opinions of two consulting experts who testified before the ALJ as to Rushing's impairments. Dr. Gerald Winkler addressed the claimed physical impairments, and Dr. Alfred Jonas the mental impairments. According to Rushing, the ALJ erred in discounting the opinions of the original treating medical sources, and correctly notes that in assessing disability the opinions of treating physicians are normally according greater weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Rushing also argues that the ALJ did not give specific reasons for failing to adopt the opinion of Dr. Ehly, and that she used a "pick and chose' approach to the limitations adopted in the RFC.

The court finds no error. The ALJ found the testimony of Dr. Winkler of substantial assistance, finding that it was both "well-explained and substantially consistent with the record as a whole." (Tr. 557). However, the record does not support the suggestion that the ALJ uncritically adopted Dr. Winkler's conclusions. Rather, she explicitly noted its consistency with detailed portions or the record, such as the history and severity of Rushing's headaches (Tr. 555) and inconsistencies in her claims of carpal tunnel impairment (Tr. 556). The ALJ made this assessment in conjunction with her conclusion that Rushing's claims of disabling limitations were not entirely credible (Tr. 561A) — a determination that the present appeal does not challenge.

The ALJ correctly sought to resolve conflicts in the medical record, and accordingly did not adopt Dr. Winkler's suggestion regarding posture limitations for Rushing, specifically, his statement that Rushing's condition precluded any bending, stooping, crawling, or twisting. (Tr. 561D n. 4). In reaching this conclusion, the ALJ found that this

portion of Dr. Winkler's opinion was not supported in the record, which includes the determination by Dr. Janice Jones that Rushing did not suffer from any functional limitations. (Tr. 818).

In contrast to the opinions of Dr. Winkler, which were largely supported in the record, the ALJ determined that the opinion of Dr. Ehly, who had seen Rushing on three occasions in 2008 and one in 2009, was not entitled to controlling weight. She specifically determined that Dr. Ehly's opinion was not well-supported in the medical record. It was also "not entirely consistent" with Ehly's own treatment notes, and that those notes also "reflect relatively few and minimal clinical findings." (Tr. 561D). As a specific example, the ALJ observed that Dr. Ehly had originally stated in his notes that Rushing's condition had stabilized to the point where she could complete vocational rehabilitation (VR). And, the ALJ noted, Rushing had "later completed three months of pharmacy tech training, apparently through VR." The ALJ did not reject Dr. Ehly's statement merely because it conflicted with that of Dr. Winkler, but on the basis of her synthesis of the entire record.

Dr. Ehly's statement stands in contrast to his treatment notes which contain limited indications of impairment. Those notes indicate a lack of tenderness in the back and that Rushing could move her extremities equally. Dr. Ehly concluded in notes from 2006 that most of Rushing's problems were related to her "tobacco abuse." In 2007, Dr. Ehly found that Rushing had a full range of motion in her spine, and that her pain was controlled with medication. Examining Dr. Ehly's treatment notes, the ALJ also observed that Rushing

> reported worsening pain after a motor vehicle accident in 2006 and Dr. Ehly noted 'some acceleration' in her pain. At the same time, physical examination

5

showed she was in no apparent distress with full range of motion. Her back had no significant focal tenderness to firm palpation. There was no significant parasternal tenderness or tenderness of the medial fat pad of her knees. She could move all extremities equally. Dr. Ehly noted only trace pre-tibial edema.

(Tr. 561A). Dr. Ehly prescribed conservative treatment only. Dr. Ehly referred Rushing for pain management, but this occurred in 2003 before the alleged onset of disability, and Rushing only attended a few sessions. (Tr. 561B). The ALJ noted both that Rushing "did not generally receive the type of medical treatment one would expect for a totally disabled individual," and that there were "significant gaps in [her] history of treatment." (*Id.*)

The ALJ also noted that Dr. Winkler's opinion was consistent with that of neurologist Dr. James Appelbaum, who found Rushing had normal strength and gait. Dr. Appelaum found that Rushing's physical impairment was partially related to depression and that she had "a problem with analgesic rebound." He recommended that Rushing discontinue analgesics for two weeks and return to see him in two months, but the records indicate she did not return. In addition, this assessment is also consistent with the findings of Dr. Jones, who, the ALJ noted, found "no evidence of any functional impairment" when she examined Rushing on August 8, 2009. (Tr. 561A).

The court has reviewed all of claimant's contentions and finds no error. The ALJ's assessment of the evidence was not unfairly selective, but reflects a proper and considered evaluation of the objective medical evidence and the entire record, and displays a detailed discussion of the reasons for her decision. The ALJ's assessment of Rushing's RFC is supported by substantial evidence such as Dr. Jones's 2009 examination of the claimant,

coupled with objective medical evidence showing that Rushing exhibited mild normal range of motion in her back and full range of motion in her extremities. Based upon this determination and the testimony of the vocational expert, the ALJ did not err in concluding that Rushing could perform other work, such as price marker, mail router, document preparer, or administrative support person.

IT IS ACCORDINGLY ORDERED this 25th day of September, 2013, that the present appeal is by denied and the decision of the Commissioner is AFFIRMED.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE